NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0573n.06
Filed: July 7, 2005

No. 04-1711

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

MARY BOOKER,

      **Plaintiff-Appellant,**

v.

WELLS FARGO HOME MORTGAGE, INC.
and HOME CONSULTANTS, INC.,

      **Defendants-Appellants.**

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
EASTERN DISTRICT OF
MICHIGAN

**O P I N I O N**

BEFORE: NORRIS and DAUGHTREY, Circuit Judges; JORDAN, District Judge.[*]

**LEON JORDAN, District Judge.** Mary Booker appeals the district court's grant of summary judgment in favor of defendants/appellees in this Home Ownership and Equity Protection Act case. For the reasons stated below, we affirm.

I.

In 1997, appellant purchased a Detroit, Michigan duplex. She subsequently defaulted on her loan and the property was foreclosed. Mortgage assignee Ocwen Federal Bank ("Ocwen") purchased the duplex at foreclosure sale in February 2001.

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

In July 2001, within her statutory redemption period, appellant obtained financing from appellee Home Consultants, Inc. ("HCI") to redeem the property from Ocwen. Appellant soon thereafter stopped making payments on the HCI loan. By letter dated March 28, 2002, appellant attempted to rescind the HCI transaction due to the lender's purported violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and the Home Ownership and Equity Protection Act of 1994 ("HOEPA" or "the Act"), 15 U.S.C. §§ 1602(aa), 1639. The recision request was denied.[1]

Appellant then filed suit seeking money damages, recision, and an injunction preventing foreclosure by Wells Fargo. Her complaint asserted that HCI failed to make certain disclosures mandated by TILA and HOEPA. Appellant eventually abandoned her TILA claim.

The district court granted summary judgment in favor of both defendants without reaching the question of whether HCI in fact made all HOEPA-required disclosures. Instead, the district court determined that the mortgage is not governed by HOEPA because: (1) it is a "residential mortgage transaction" exempted from the Act's coverage; and (2), in the

---

[1] Booker directed the recision communication to Option One Mortgage Corporation ("Option One"), an assignee of the HCI mortgage. Appellant has consistently referred to Option One as a defendant throughout this litigation, even though she never actually sued that lender. Appellees argue that it is Option One who is the "correct defendant." In addition, appellee Wells Fargo Home Mortgage, Inc. (another assignee) argues that it is entitled to a holder in due course defense. We need not reach either issue.

alternative, the transaction's points and fees were not high enough to trigger HOEPA's disclosure requirements.

## II.

This panel reviews a district court's grant of summary judgment *de novo*. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Edwards v. Aguillard*, 482 U.S. 578, 594, 107 S. Ct. 2573, 2583, 96 L. Ed. 2d 510 (1987) (quoting Fed. R. Civ. P. 56(c)).

## III.

Congress enacted HOEPA in 1994 to "force the 'High Cost Mortgage' market to police itself." *Bryant v. Mortgage Capital Res. Group*, 197 F. Supp. 2d 1357, 1364 (N.D. Ga. 2002) (citation omitted). Lenders must make certain warnings and disclosures in conspicuous type size at least three business days prior to the consummation of a HOEPA transaction. 15 U.S.C. § 1639(a)-(b)(1). However, HOEPA does not apply to, *inter alia*, "residential mortgage transactions." 15 U.S.C. §§ 1602(aa)(1), 1639(a)(1). Further, even if a loan is of the *type* governed by HOEPA, it is not subject to the Act's disclosure requirements unless it also features either: (a) a sufficiently high annual percentage rate

("APR"); or (b) points and fees payable at or before closing exceeding the greater of eight percent of "the total loan amount" or $400.00. *See* 15 U.S.C. §§ 1602(aa)(1), 1639(a)(1).

Booker advances three arguments on appeal. First, she contends that the district court erroneously concluded that the HCI mortgage was a HOEPA-exempt "residential mortgage transaction." She further argues that the district court erred in excluding two charges ($644.38 in prepaid interest and a $300.00 "settlement or closing fee") from the points and fees total. Appellant *does not* argue that her loan meets HOEPA's APR test.

The parties agree that the "total loan amount" was $51,279.62. Eight percent of that sum is $4,102.37. Appellant claims that ten charges included in her Settlement Statement are "points and fees" totaling $4,193.38, thereby exceeding HOEPA's eight percent threshold. Since the "points and fees" total advanced by appellant exceeds eight percent of the loan total by only ninety-one dollars, both the prepaid interest *and* the "settlement or closing fee" must be "points and fees" in order for HOEPA to apply.

Statutorily exempted from the "points and fees" calculation is, *inter alia*, "interest or the time-price differential." 15 U.S.C. § 1602(aa)(4)(A). Undaunted by this exclusion, appellant advances the novel argument that "interest" is not "interest" until it is earned, and therefore "prepaid interest" is not really "interest." The district court correctly rejected this argument as "unpersuasive." The statutory "points and fees" exclusion does not distinguish between prepaid interest and "non-prepaid" interest. More importantly, § 1602(aa)(1)(B)

makes clear that the "points and fees" analysis involves only those charges "payable by the consumer at or before closing." Interest "payable by the consumer at or before closing" can by its very nature only be "prepaid" interest.

The district court therefore correctly excluded the $644.38 in prepaid interest from appellant's asserted $4,193.38 total, leaving (at most) $3,549.00 in "points and fees." This sum falls short of HOEPA's $4,102.37 eight-percent threshold. For this reason alone, HOEPA does not apply to the HCI mortgage. *See* 15 U.S.C. §§ 1602(aa)(1)(B), 1639(a)(1). Appellant's remaining issues ("residential mortgage transaction" and the "settlement or closing fee" ) are accordingly moot.

The judgment of the district court is **affirmed**.